JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1981 PA (DFMx) | Date | December 26, 2024 |
|---|---|---|---|
| Title | Smile Brands, Inc. et al. v. Monarch Beauty LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS - ORDER TO SHOW CAUSE**

      In response to the Court's Order to Show Cause ("OSC") regarding dismissal for lack of prosecution dated November 13, 2024 (Docket No. 12), counsel for plaintiff Smile Brands Inc. ("Plaintiff") advised the Court that this matter has settled. (Docket No. 13.) The Court discharged the OSC and gave Plaintiff twenty days to file with the Court a dismissal of the action or to appear, in-person or telephonically with their clients, to place the settlement on the record. (Docket No. 14.) Instead of doing so, Plaintiff filed another request for additional time to finalize their settlement. (Docket No. 15.) Because Plaintiff failed to provide an adequate justification for the request for additional time, and that request was denied. (Docket No. 16.)

      In the Court's Order denying Plaintiff's request for additional time, the Court ordered Plaintiff to show cause, in writing, on or before December 20, 2024 why this action should not be dismissed for lack of prosecution because the defendant in this matter had not filed a response to the Complaint within the time period specified in the Federal Rules of Civil Procedure. The Court specifically warned that failure to respond by filing a notice of dismissal, appearing to place the settlement on the record, filing a request for entry of default or the filing of an answer or other response to the Complaint, would result in the imposition of sanctions, including dismissal of this action. Despite this warning, as of today's date, Plaintiff has failed to respond.

      The Court may dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

      In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1981 PA (DFMx) | Date | December 26, 2024 |
|---|---|---|---|
| Title | Smile Brands, Inc. et al. v. Monarch Beauty LLC | | |

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991. Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to comply with the Court ordered deadlines. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action and failed to comply with the Court's Order. The Court therefore dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.